# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| JOE ROBERT PATRON, § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:08-CV-060-Y |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Joe Robert Patron, TDCJ # 1176158, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

Patron, a habitual offender, is serving a life sentence on his state court conviction for

aggravated sexual assault of a child in Case No. 0859378R in the Criminal District Court Number One of Tarrant County, Texas. (State Habeas R. at 73) The Second District Court of Appeals of Texas affirmed the trial court's judgment on February 3, 2005, and the Texas Court of Criminal Appeals refused Patron's petition for discretionary review on September 14, 2005. *Patron v. Texas*, No. 02-03-251-CR, slip op. (Tex. App.–Fort Worth Feb. 3, 2005) (not designated for publication); *Patron v. Texas*, PDR No. 560-05. Patron did not seek writ of certiorari. (Petition at 3.) On July 18, 2006, Patron filed a state habeas application challenging his conviction, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on September 6, 2006. *Ex parte Patron*, Application No. WR-65,544-01. Patron filed his first federal petition for writ of habeas corpus challenging his conviction on October 11, 2006, which was dismissed on his motion on September 10, 2007. *Patron v. Quarterman*, Civil Action No. 4:06-CV-724-A. Patron filed this second federal petition for writ of habeas corpus on January 28, 2008.

### D. ISSUES

In this petition, Patron raises three grounds for habeas relief in which he claims he received ineffective assistance of counsel. (Petition at 7-8)

### E. STATUTE OF LIMITATIONS

Quarterman asserts Patron's petition is untimely under the federal limitations period. The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the trial court's judgment of conviction became final upon expiration of the time that Patron had for seeking certiorari in the United States Supreme Court on December 13, 2005. *See Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Thus, Patron's federal petition was due on or before December 13, 2006, absent any tolling.

Patron's state habeas application, filed on July 18, 2006, operated to toll the running of the federal limitations period under § 2244(d)(2) for 50 days, making Patron's federal petition due on or before February 1, 2007. His prior federal habeas petition did not operate to further toll the

3

limitations under the statutory provision. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Nor has Patron demonstrated rare and exceptional circumstances warranting equitable tolling. *See id.* at 183 (Stevens, J., concurring).

The Supreme Court has recently stated that district courts have no authority to create "equitable exceptions" to statutory time limitations. *See Bowles v. Russell,* --- U.S. ----, 127 S. Ct. 2360, 2366 (2007). Assuming that the AEDPA allows it, the Supreme Court has observed, nevertheless, that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida,* --- U.S. ----, 127 S. Ct. 1079, 1085 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). Under existing Fifth Circuit law, the statute of limitations can be equitably tolled, but only with reluctance and in rare and exceptional circumstances, which must be examined on a case-by-case basis. *Alexander v. Cockrell,* 294 F.3d 626, 630 (5th Cir. 2002); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999). Equitable tolling mainly applies where the petitioner is actively misled by the respondent about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson,* 184 F.3d 398, 400-02 (5th Cir. 1999).

Patron claims that due to his lack of knowledge of the law he relied upon the advice and services of a jailhouse lawyer, commonly referred to as a writ writer, to prepare his state habeas application and his first federal petition. (Pet'r Objections at 3) According to Patron, when his first writ writer was released from prison, he acquired the services of a second writ writer who indicated to him that the issues presented on direct appeal could have, but were not, presented in his first federal petition. (*Id.*) The writ writer prepared a motion to voluntarily dismiss the petition without

4

prejudice so that Patron could resubmit a petition including all his grounds for relief. (*Id.*) The motion also included a request that the court grant him "adequate time to address all his issues" because he had only 23 days left before running afoul of the AEDPA. *Patron v. Quarterman*, Civil Action No. 4:06-CV-724-A, docket entry # 9. Based on the granting of his motion to dismiss, Patron assumed the court would allow him ample time to file a second petition. (Pet'r Objections at 4) A federal court, however, has no authority to prospectively extend the AEDPA's statute of limitations. *Minneweather v. Cockrell*, Civil Action No. 4:02-CV-774-A, 2003 WL 22080726, at *2 (N.D.Tex. Mar. 11, 2003). Neither Patron's ignorance of the law and status as a pro se petitioner nor his reliance on an inmate writ writer for advice constitute rare and exception circumstances justifying equitable tolling. *See Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000); *Fisher,* 174 F.3d at 714.

Patron's petition was due on or before February 1, 2007; thus, his petition filed on January 28, 2008, was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Patron's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation until September 16, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 16, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 26, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE