IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOE ROBERT PATRON, §
 §
VS. § CIVIL ACTION NO.4:08-CV-060-Y
 §
NATHANIEL QUARTERMAN, §
Director, T.D.C.J. §
Correctional Institutions Div., §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Joe Robert Patron under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 26, 2008; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 24, 2008.

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred pursuant to 28 U.S.C.§ 2244(d)(1)-(2), for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

In his written objections to the magistrate judge's report and recommendation that his petition be dismissed with prejudice as time-barred, Patron contends that he should be entitled to equitable tolling for the time that a prior petition under 28 U.S.C. § 2254 was pending in this the United Sates District Court for the Northern District of Texas, Fort Worth division, *Patron v.*

*Quarterman,* No.4:06-CV-724-A. Of course, Patron is not entitled to *statutory* tolling for such case, as the Supreme Court, in *Duncan v. Walker,* held that a federal habeas corpus petition "is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C.§ 2244(d)(2)."[1] In a concurring opinion, however, Justice Stevens expressly noted that a court is not precluded from *equitably* tolling the limitation period for the pendency of a prior federal habeas proceeding.[2]

The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling.[3] But, the burden is on the petitioner--here, Patron--to show rare, exceptional and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[4] The Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[5] Patron has not met this burden for the reasons stated in the magistrate judge's report at pages 4-5.

---

[1] *See Duncan v. Walker,* 533 U.S. 167, 181 (2001).

[2] *Id.* at 183-84 (Stevens, J., concurring).

[3] *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. den'd,* 526 U.S. 1074 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. den'd,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

[4] *See United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (statute can be tolled in "rare and exceptional" circumstances); *see also Davis,* 158 F.3d at 811 (same).

[5] *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999),*cert. den'd,* 529 U.S. 1057 (2000)(quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

Alternatively, even if the Court were to afford Patron equitable tolling for the pendency of the prior § 2254 petition, the instant action was still filed too late. The applicable one-year limitations period runs in this case from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under § 2244(d)(1)(A ), which was December 13, 2005. The one-year period began on December 14, 2006.[6] But after 216 days had run--through July 17, 2006--Patron filed, on July 18, 2006, a state application for writ of habeas corpus, which was pending, and limitations tolled, until September 6, 2006. Then, 34 more days ran between September 7, 2006, and the filing of the first federal petition on October 11, 2006,[7] such that 240 days had run, and 125 days remained. As the first federal petition was dismissed on September 10, 2007, Patron had 125 days, or until January 13, 2008 to timely file. The instant petition, assuming application of the mailbox rule,[8] was filed on January 28, 2008. Thus, even alternatively affording Patron equitable tolling for the pendency of the prior federal petition,

---

[6]*See Flanagan v. Johnson,* 154 F.3d 196, 200-202 (5th Cir. 1998)(noting that Federal Rule of Civil Procedure 6(a) applies so as not to count the day of the act or event from which the § 2244(d) period begins to run).

[7]A pro se prisoner's habeas corpus petition is constructively filed, for the purposes of the AEDPA, when the prisoner delivers the papers to prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998); *see also Sonnier v. Johnson,* 161 F.3d 941, 944-45 (5th Cir. 1998). Patron certified that he placed the petition in case number 4:06-CV-724-A, in the prison mailing system on October 11, 2006. The Court takes judicial notice of the records of this case and docket entry number 1.

[8]Patron dated the petition and his accompanying cover letter on January 28, 2008, and thus that is the earliest date on which this § 2254 petition could be deemed filed under the mailbox rule.

the instant petition under 28 U.S.C. § 2254 was filed too late.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Joe Robert Patron's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

SIGNED October 1, 2008.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE